**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-10039
_____

CHARLES RUSSELL,

Petitioner-Appellant,

VERSUS

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:93-CV-2051-T)
_____

October 26, 1995

Before KING, SMITH, and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Charles Russell appeals the denial of his state prisoner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Concluding that he is entitled to have his petition adjudicated on the merits, we vacate and remand.

_____

Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

I.

A jury convicted Russell of murder in 1991 and sentenced him to twenty-five years' imprisonment. While awaiting his murder trial, Russell also was charged with aggravated assault. Following the murder conviction, Russell entered into a plea agreement whereby prosecutors recommended that he receive only a ten-year prison sentence for aggravated assault, to run concurrently with the murder sentence;[1] in exchange, Russell agreed to plead <u>nolo contendere</u> to the aggravated assault charge and to waive his right to appeal either the murder conviction or the aggravated assault conviction. The court accepted the plea agreement and implemented its terms.

Russell later became disenchanted with his murder conviction. Recognizing that his plea agreement prevented him from directly appealing the conviction, he filed two applications for habeas relief with the Court of Criminal Appeals, which denied both by written order.

Russell then filed the instant federal habeas petition. He alleged that during his murder trial (1) the court erroneously admitted evidence about the then-pending aggravated assault charge; (2) he received ineffective assistance of counsel (including the advice to waive appeal); (3) the court erroneously found that he had used a deadly weapon, when that fact had not been proved;

---

[1] Under Texas law, a court may sentence a defendant to a maximum of twenty years' imprisonment for aggravated assault and may impose either concurrent or consecutive sentences. TEX. PENAL CODE ANN. §§ 12.33(a), 22.02(b) (West 1994) (maximum penalty of twenty years imprisonment for aggravated assault); TEX. CODE CRIM. P. ANN. § 42.08(a) (West 1994) (concurrent or consecutive sentences).

(4) the court improperly failed to apply the law of parties; and (5) the court used thirty-year-old convictions to enhance his sentence, in violation of the Eighth Amendment.

The magistrate judge concluded that Russell knowingly had waived his right to habeas relief when he waived his right to appeal and that the waiver did not result from ineffective assistance. The district court adopted that recommendation and entered judgment denying habeas relief.

## II.

We need not decide whether a defendant waives his right to habeas relief by waiving his right to appeal, for any procedural bar that existed for Russell disappeared when the Court of Criminal Appeals failed to rely on it when dismissing his application for habeas relief. We first observe that Russell did not directly waive his right to habeas relief by signing the plea agreement. The agreement prohibits only "appeals," and habeas relief is a collateral action, not a direct appeal.[2]

There may be circumstances under which a defendant who foregoes a direct appeal will create a procedural bar that will preclude him from seeking habeas relief. But even if such a bar existed and were recognized by the state, the bar disappears if the last state court to dismiss a petitioner's claims does so on the merits. When it is uncertain whether a state court relied on a procedural bar or the merits, "we 'look through' its order to the

---

Cf. United States v. Wilkes, 20 F.3d 651, 652 (5th Cir. 1994) (refusing to consider collateral attack on judgment by defendant who waived right to both appeal and post-conviction relief).

last reasoned state court decision."[3] When no reasoned state court decision exists, we assume that the last state court to dismiss a petitioner's claims did so on the merits.[4]

In this instance, we have no reasoned state court decision to guide us. The only state court decisions are those of the Court of Criminal Appeals dismissing Russell's applications. Both orders consist simply of a signature on a form stating "Application denied without written order." Cowart therefore requires that we assume the state court dismissed the applications on the merits. The district court thus should have considered the merits of Russell's claim.

Accordingly, the judgment denying Russell's petition for habeas relief is VACATED and REMANDED for adjudication on the merits. We express no view as to the merits, if any, of Russell's claim.

---

[3] Cowart v. Hargett, 16 F.3d 642, 645 (5th Cir. 1994) (citing Ylst v. Nunnemaker, 501 U.S. 797, 804-05 (1991)).

[4] Id. ("Absent any indication that the state court relied upon procedural bar in denying [the petitioner's] claim, we must assume that the state court rejected [his] claim at least partially on the merits.").